J-A07026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ACHILLE LEPEDIO WALKER | : | |
| | : | |
| Appellant | : | No. 747 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 2, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000155-2023

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.: **FILED JULY 15, 2025**

Appellant, Achille Lepedio Walker, appeals from the judgment of sentence entered on May 2, 2024, following his jury trial convictions for possession with intent to deliver a controlled substance, simple possession of a controlled substance, and possession of drug paraphernalia.[1]  In this direct appeal, Appellant's counsel previously filed both a petition for leave to withdraw, together with an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago,*** 978 A.2d 349 (Pa. 2009).  On May 7, 2025, this Court denied the petition to withdraw as deficient and instructed Appellant's counsel to file either an advocate's brief or a compliant ***Anders*** brief.  On June 3, 2025, counsel for Appellant filed an amended ***Anders*** brief and amended application to withdraw.  After careful

_____

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

review, we conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independent review of the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows. On December 1, 2022, police investigators, using a confidential informant, conducted a surveilled, controlled narcotics transaction with Appellant in an apartment building on West Savory Street in Pottsdale, Pennsylvania. When Appellant subsequently drove away from the area in a vehicle, the police executed a traffic stop, removed Appellant from the driver's seat, and arrested him. Police recovered a large bag holding eight smaller bags of a white substance, later determined to be 225.86 grams of methamphetamine, that was suspended outside the driver's door. On March 11, 2024, a jury found Appellant guilty of the aforementioned charges. On May 2, 2024, the trial court sentenced Appellant to seven-and-one-half to 20 years of imprisonment, with credit for time-served. This timely appeal resulted.[2]

_____

[2] Appellant filed a timely post-trial motion requesting reconsideration of his sentence. On May 23, 2024, the trial court held a hearing and denied relief by order entered the following day. On May 24, 2024, Appellant filed a timely notice of appeal. On May 28, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 28, 2024.

On appeal, Appellant's counsel filed an amended petition for leave to withdraw and counsel accompanied this petition with an amended *Anders* brief. Before reviewing the merits of this appeal, we first determine whether counsel has fulfilled the necessary procedural requirements to withdraw as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998). Pursuant to *Anders*, when counsel determines that after a conscientious review of the record, there are no non-frivolous issues for review, and seeks to withdraw from representation, counsel must petition the Court for leave to withdraw and "(1) provide in the accompanying brief a summary of the procedural history and facts of the case, with citations to the record; (2) refer to anything in the record that counsel believes might arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding the appeal is frivolous." *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "[C]ounsel [must] also furnish[] a copy of the [*Anders*] brief to [the a]ppellant, advise[] him of his [immediate] right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the [C]ourt's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client as required under *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005)." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the

proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5; ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel .... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, counsel complied with all of the above procedural obligations in her amended ***Anders*** brief.[3] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the amended ***Anders*** brief, which is as follows:

1. Whether the sentence imposed by the trial court was unreasonably harsh and excessive[?]

***Anders*** Brief at 4.

_____

[3] Furthermore, Appellant has not responded to counsel's amended petition to withdraw.

Appellant contends that the 20-year maximum sentence imposed by the trial court was excessive and excludes him from certain rehabilitative programs while imprisoned. *Id.* at 12; *see also* N.T. Motion to Reconsider Sentence, 5/23/2024, at 6-8 (requesting "the maximum end [of the sentence imposed] to be changed from 20 years to 15 years").

Appellant's claim challenges the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, Appellant filed a timely post-sentence motion and notice of appeal.

- 5 -

Further, Appellant's post-sentence motion claimed that his sentence "of no less than seven and a half (7.5) years to no more than twenty (20) years" was excessive and "that receiving said sentence would disqualify him from several programs in a State Correctional Institution, as well as having to remain incarcerated longer than the ordered minimum." *See* Appellant's Post-Sentence Motion, 6/6/22, at ¶¶ 2-3 (unpaginated). Although Appellant preserved his sentencing claim in a timely post-sentence motion and filed a timely notice of appeal, counsel failed to include a Rule 2119(f) statement in her *Anders* brief. Nonetheless, because the Commonwealth did not file a brief and, therefore, did not object to Appellant's failure to include a Rule 2119(f) statement, we will not find Appellant's discretionary sentencing claim waived. *Commonwealth v. White*, 193 A.3d 977, 982 (Pa. Super. 2018); *see also Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (holding that the failure to include a Rule 2119(f) statement is not fatal to appellate review of a sentencing issue in an *Anders* case). Thus, Appellant preserved his current appellate claim. We will now determine whether Appellant's claim presents a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Cook*, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748

A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000).

Appellant contends that his sentence is excessive because the trial court failed to consider the length of his incarceration and whether the duration of his punishment disqualified him from prison rehabilitation programs. **See** Appellant's Brief at 10-11. This Court has held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." **Commonwealth v. Swope**, 123 A.3d 333, 339 (Pa. Super. 2015) (citations omitted), *citing* **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014); **see also** **Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (same). Nevertheless, Appellant's claim is frivolous because, during the sentencing and reconsideration hearings, the trial court demonstrated it was well aware of – and thoroughly considered – Appellant's argument that his maximum sentence impacted his ability to participate in various prison programs. **See** N.T. Sentencing Hearing, 5/2/2024, at 4-5; **see also** N.T. Motion to Reconsider Sentence, 5/23/2024, at 4-5.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of

partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

[Section 9721(b) of the Sentencing Code] offers the following guidance to the trial court's sentencing determination:

[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Furthermore,

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S.A. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

Where a pre-sentence reports exist, we shall presume that the sentencing judge was aware of relevant information

- 8 -

regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

***Commonwealth v. Taylor***, 277 A.3d 577, 592–593 (Pa. Super. 2022) (internal case citations and quotations omitted).

Here, the trial court imposed a standard range sentence. N.T., 5/2/2024, at 4-5. The trial court noted that Appellant has "been [a] drug dealer [his] whole life" with prior convictions for possession with intent to deliver narcotics in 1998, 2004, 2006, and 2014. ***Id.*** at 5. The trial court determined that for nearly 30 years, Appellant was "either in prison or on parole or [out] selling drugs." ***Id.*** More specifically, the trial court determined that a maximum sentence of "20 years [was] appropriate" to ensure that Appellant remained under supervision upon release so that he could be returned to prison if he violated his parole by resuming the sale of drugs. ***Id.*** As such, the trial court considered Appellant's character, together with the particular circumstances of the offense, *i.e.* possession with intent to deliver 225.86 grams of methamphetamine. The trial court referred to Appellant's extensive prior criminal record, his age (48 years old at the time of sentencing), personal characteristics, and potential for rehabilitation. The trial court determined that rehabilitation had proven ineffective over the course of nearly 30 years. Accordingly, it imposed an individualized sentence within the standard range of the sentencing guidelines which was not clearly unreasonable pursuant to 42 Pa.C.S.A. § 9781(c). In addition, at the time of sentencing, the trial court had the benefit of a pre-sentence investigation

report and we presume that the trial court was aware of relevant information regarding Appellant's character and weighed those considerations along with statutory mitigating factors. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating [] factors. A pre-sentence report constitutes the record and speaks for itself.").

Based upon our standard of review, applicable law, and examination of the certified record in this case, we discern no abuse of discretion in sentencing Appellant. Accordingly, we have independently considered the issue raised within counsel's *Anders* brief and we have determined that the claim is frivolous. In addition, after independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Hence, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/15/2025